IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Cv. No. 04-2656-B/V |
| ANTONE SIDNEY CURTIS, | Cr. No. 90-20155-01-G |
| Defendant. | |

ORDER CONSTRUING FILING AS MOTION PURSUANT TO
28 U.S.C. § 2244(b)(3)
AND
ORDER TRANSFERRING MOTION PURSUANT TO 28 U.S.C. § 2244(b)(3)
TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Defendant Antone Sidney Curtis, Bureau of Prisons ("BOP") inmate registration number 15994-076,[1] an inmate at the Federal Correctional Institution in Taft, California, filed a pro se motion pursuant to 28 U.S.C. § 2255, accompanied by a legal memorandum, on August 25, 2004.

On July 17, 1990, a federal grand jury indicted Curtis for conspiring to possess cocaine with the intent to distribute, in violation of 21 U.S.C. § 846. The charges were tried to a jury on November 19 and 20, 1990, and the jury returned a guilty verdict on November 20, 1990. District Judge Julia Smith Gibbons conducted a sentencing hearing on January 11, 1991, at which time Curtis was

---

[1] Although the plaintiff's typed documents spell his first name as "Antoine," every previous court action involving this inmate, and the BOP's records, spell his first name as "Antone," which is also the way the defendant signs his name.

sentenced to two hundred fourteen (214) months imprisonment, to be followed by a five-year period of supervised release. Judgement was entered on January 29, 1991. The United States Court of Appeals for the Sixth Circuit affirmed Curtis's conviction and sentence. United States v. Curtis, No. 91-5189, 1991 WL 270820 (6th Cir. 1991), cert. denied, 505 U.S. 1207 (1992).

On April 19, 1995, Curtis filed an irregular motion seeking a reduction in his sentence, which Judge Gibbons construed as a motion pursuant to 28 U.S.C. § 2255 and denied in an order issued on April 27, 1995. Curtis v. United States, No. 95-2287-G (W.D. Tenn.). Judge Gibbons filed another order to the same effect in case no. 95-2287 on September 1, 1995. Judgment was entered on November 6, 1995. Curtis did not appeal.

For reasons that are not clear, Curtis filed a duplicative motion on June 9, 1995, which Judge Gibbons construed as a § 2255 motion and denied in an order issued on October 25, 1995. Curtis v. United States, No. 95-2448-G/V (W.D. Tenn.). Judgment was entered on November 1, 1995. Curtis did not appeal.

Curtis filed a third § 2255 motion on April 21, 1997. Judge Gibbons issued an order on April 25, 1997 transferring the case to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3) and In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). Curtis v. United States, No. 97-2332-G/V (W.D. Tenn.). It does not appear that Curtis obtained leave to file a successive § 2255 motion.

Curtis filed a fourth § 2255 motion on August 22, 2000, in which he sought relief pursuant to the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Judge Gibbons ordered the

2

Government to respond to the motion. Simultaneous with the filing of his fourth § 2255 motion, and without informing Judge Gibbons, Curtis filed a motion with the Sixth Circuit seeking leave to file a successive § 2255 motion on his Apprendi claim. In re Antone Sidney Curtis, No. 00-6043. On February 1, 2001, the Sixth Circuit issued an order holding Curtis's motion in abeyance pending its decision in In re Michael A. Clemmons, 259 F.3d 489 (6th Cir. 2001). In Clemmons, the Sixth Circuit held that the Supreme Court must explicitly hold that its decision is retroactive to cases on collateral review in order to satisfy the standard for a second or successive petition under § 2244(b)(2)(A) and § 2255 ¶ 8(2) and that it had not done so in Apprendi. Id. at 495. On September 25, 2001, based upon its holding in Clemmons, the Sixth Circuit denied Curtis's application. Subsequently, on December 17, 2001, Judge Gibbons issued an order denying Curtis's fourth § 2255 motion as duplicative of the application filed with the Sixth Circuit in case no. 00-6043. Curtis v. United States, No. 00-2753 (W.D. Tenn.).

On August 25, 2004, Curtis filed a fifth § 2255 motion seeking relief pursuant to the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004).

This motion is a successive § 2255 motion that cannot be filed in this district without obtaining permission from the United States Court of Appeals for the Sixth Circuit. 28 U.S.C. § 2244(b)(3)(A); see also United States v. Bender, 96 Fed. Appx. 344 (6th Cir. Apr. 26, 2004); McQueen v. Scroggy, 99 F.3d 1302, 1334-35

3

(6th Cir. 1996).[2] Under In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam), "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631.

Curtis's latest motion cannot be filed in this district without permission from the Court of Appeals. Therefore, under Sims, 111 F.3d at 47, and 28 U.S.C. § 1631, it is hereby ORDERED that the Clerk transfer this motion to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED this 14th day of June, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2] It does not appear that Curtis has filed a copy of this motion with the Sixth Circuit.

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:04-CV-02656 was distributed by fax, mail, or direct printing on June 14, 2005 to the parties listed.

Timothy R. DiScenza
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Antone Sidney Curtis
FCI-TAFT
93779-012
P.O. Box 7001
Taft, CA 93268

Honorable J. Breen
US DISTRICT COURT